1
2
3
4
5
6
7
8
9
10

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

11  DOUGLAS MELVIN LEHTO,          ) Case No. CV 13-1654-VBF (JPR)
                                   )
12              Petitioner,        )
                                   ) ORDER TO SHOW CAUSE
13         vs.                     )
                                   )
14  CONNIE GIPSON, Warden,         )
                                   )
15              Respondent.        )
                                   )
16  _____

17        On February 28, 2013, Petitioner constructively filed a

18  Petition for Writ of Habeas Corpus by a Person in State Custody.

19  The Petition purports to challenge Petitioner's 2010 conviction

20  in Los Angeles County Superior Court for elder/dependent abuse,

21  in violation of California Penal Code section 368(b)(1).  (Pet.

22  at 2.)  Petitioner raises an ineffective-assistance-of-counsel

23  claim based on his trial lawyer's alleged bad advice to him in

24  connection with a plea offer.  (See generally Pet. Attach.)

25        Under the Antiterrorism and Effective Death Penalty Act of

26  1996 ("AEDPA"), Petitioner had one year from the date his

27  conviction became final in which to file a federal habeas

28  petition.  See 28 U.S.C. § 2244(d).  That statute provides:

1

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner states that he did not appeal his conviction. (Pet. at 2, 3.)  The Court's review of the California Appellate

2

1   Courts' Case Information website, however, reveals that
2   Petitioner actually voluntarily dismissed his appeal after it had
3   been filed.   Although Petitioner acknowledges filing only a
4   California Supreme Court habeas petition (<u>see</u> Pet. at 3), he
5   attached to the Petition a minute order from the Los Angeles
6   County Superior Court denying his claim on habeas review because
7        [t]he facts presented do not justify the Court's granting
8        the Defendant's petition.   The Defendant told his
9        attorney he was innocent.   The attorney's advice to go to
10       trial does not amount to ineffective assistance of
11       counsel.
12  The minute order states that Petitioner filed his state habeas
13  petition on September 14, 2012.

14       According to Petitioner, he was convicted and sentenced on
15  February 19, 2010.   (Pet. at 2.)   He voluntarily dismissed his
16  appeal on October 5, 2010, according to the California Appellate
17  Courts' Case Information website.   His conviction therefore
18  became final 10 days later, on October 15, 2010.   <u>See</u> <u>Harris v.</u>
19  <u>Unknown</u>, No. CV 11-7511-PA (PJW), 2012 WL 1616426, at *2 (C.D.
20  Cal. Apr. 4) (when defendant voluntarily dismisses appeal,
21  conviction becomes final at latest 10 days later, when time for
22  filing petition for review in California Supreme Court expires),
23  <u>accepted by</u> 2012 WL 1615232 (C.D. Cal. May 9, 2012).   Under
24  § 2244(d), Petitioner thus had until October 14, 2011, to file
25  his federal habeas Petition.   He did not do so until almost a
26  year and a half later.   Accordingly, absent statutory or
27
28

                                   3

1  equitable tolling[1] or a later trigger date under § 2244(d)(1),

2  the Petition is untimely.

3       Petitioner is clearly not entitled to any kind of statutory

4  tolling under § 2244(d)(2) because he did not file his first

5  habeas petition, in the superior court, until the AEDPA

6  limitations period had already expired.  See Ferguson v.

7  Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that AEDPA

8  limitation period cannot be "reinitiated" if it ended before

9  state habeas petition filed).  Petitioner seems to contend that

10 he is entitled to a later trigger date or equitable tolling

11 because he could not have known of his claim until the U.S.

12 Supreme Court's "watershed" ruling in Lafler v. Cooper, 566 U.S.

13 __, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012).  (Pet. Attach.)

14 But the Ninth Circuit has already held that Lafler did not

15 announce a new rule.  See Buenrostro v. United States, 697 F.3d

16 1137, 1140 (9th Cir. 2012); Baker v. Ryan, No. 10-16716, __ F.

17 App'x __, 2012 WL 5853777, at *2 (9th Cir. Nov. 16, 2012); Hunt

18 v. Gibson, No. SA CV 12-1859-RGK (VBK), 2013 WL 990761, at *3

19 (C.D. Cal. Feb. 5, 2013) (applying Buenrostro in § 2244(d)

20 context and finding petition untimely).  Indeed, had the law not

21 already been "clearly established," the Supreme Court could not

22 have granted relief in Lafler.  See 28 U.S.C. § 2254(d)(1).

---

[1]Under certain circumstances, a habeas petitioner may be entitled to equitable tolling.  See Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).  A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way."  See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).

4

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond.  Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before **April 17, 2013**, Petitioner show cause in writing, if he has any, why the Court should not dismiss the Petition with prejudice because it is untimely.  If Petitioner intends to rely on the equitable tolling doctrine, he must include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts demonstrating that he could not have earlier filed his Petition through the exercise of reasonable diligence.  Moreover, he must explain what "extraordinary circumstance" stood in the way of his earlier filing the Petition.

DATED: March 21, 2013

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

5