O

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL (OR PARTIES)~~ Petitioner AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 6.27.13

DEPUTY CLERK




**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS MELVIN LEHTO,<br>Petitioner,<br>vs.<br>CONNIE GIPSON, Warden,<br>Respondent. | Case No. CV 13-1654-VBF (JPR)<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION AND DISMISSING ACTION WITH PREJUDICE |

**BACKGROUND**

On February 28, 2013, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody. At the same time, he submitted an "Election Regarding Consent to Proceed Before a United States Magistrate Judge" form, indicating that he voluntarily consented to "have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment." The Petition purports to challenge Petitioner's February 2010 conviction in Los Angeles County Superior Court for elder abuse and a related charge. (Pet. at 2.) Petitioner raises an ineffective-assistance-of-counsel claim based on his

trial lawyer's alleged bad advice to him concerning a plea offer. (See generally Pet. Attach.)

Petitioner states that he did not appeal his conviction. (Pet. at 2, 3.) The Court's review of the California Appellate Courts' Case Information website, however, reveals that Petitioner actually voluntarily dismissed his appeal after it had been filed. Although Petitioner acknowledges filing only a California Supreme Court habeas petition (see Pet. at 3), he attached to the Petition a minute order from the Los Angeles County Superior Court denying his claim on habeas review because

> [t]he facts presented do not justify the Court's granting the Defendant's petition. The Defendant told his attorney he was innocent. The attorney's advice to go to trial does not amount to ineffective assistance of counsel.

The minute order states that Petitioner filed his state habeas petition on September 14, 2012.

According to Petitioner, he was convicted and sentenced on February 19, 2010. (Pet. at 2.) He voluntarily dismissed his appeal on October 5, 2010, according to the California Appellate Courts' Case Information website. His conviction therefore became final 10 days later, on October 15, 2010. See Harris v. Unknown, No. CV 11-7511-PA (PJW), 2012 WL 1616426, at *2 (C.D. Cal. Apr. 4, 2012) (when defendant voluntarily dismisses appeal, conviction becomes final at latest 10 days later, when time for filing petition for review in California Supreme Court expires), accepted by 2012 WL 1615232 (C.D. Cal. May 9, 2012).

On March 21, 2013, because the Petition on its face appeared

to be untimely, the Court ordered Petitioner to show cause why it should not be dismissed with prejudice because he had failed to comply with the one-year statute of limitations under 28 U.S.C. § 2244(d). On June 19, 2013, after an extension of time, Petitioner filed a response. He generally argues the merits of his claim that his trial lawyer gave him bad advice concerning a plea offer and adds that she performed deficiently at trial by not calling any witnesses or challenging the state's evidence. (Resp. at 1-2.) He also asserts that his appellate counsel erroneously convinced him "that I had no grounds to appeal," including on ineffective assistance of trial counsel, and that if he did appeal he ran the risk of getting a longer sentence because he had mistakenly been sentenced to a lighter term than required. (Id. at 2-3.) He further asserts, without any explanation, that "she did not express the collateral damage I would face upon signing the appeal waiver." (Id. at 3.) He seems to argue that the alleged ineffectiveness of his two counsel entitle him to both equitable tolling (id. at 5) and a later trigger date under 28 U.S.C. § 2244(d)(1)(B), because counsel were provided by the state and therefore constitute a "state-created impediment" to the timely filing of his Petition (id. at 4).

**DISCUSSION**

**I. The Court's Jurisdiction**

As an initial matter, the undersigned Magistrate Judge has jurisdiction to deny Petitioner's Petition and dismiss this action with prejudice. "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or

nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge; Respondent has not yet been served with the Petition and therefore is not yet a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks omitted)). Thus, all parties have consented pursuant to § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); United States v. Real Prop., 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in in rem forfeiture action even though property owner had not consented because § 636(c)(1) requires consent only of "parties" and property owner, having failed to comply with applicable filing requirements, was not "party"); Carter v. Valenzuela, No. CV 12-05184 SS, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).

Moreover, a district court has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the

petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). Here, the Court gave Petitioner notice that his Petition appeared to be untimely and an opportunity to respond, which he has done.

Accordingly, this Court has the authority to deny Petitioner's Petition and dismiss this action with prejudice.

**II. The Petition Is Not Timely**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under certain circumstances, a habeas petitioner may be entitled to equitable tolling of the limitation period, see Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010), but only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way," Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).

Petitioner does not dispute that his conviction became final on October 15, 2010. Nor does he argue with the Court's recitation of the law in the OSC. Petitioner constructively filed his federal Petition on February 28, 2013, nearly a year and a half after the presumptive expiration of the limitation period under § 2244(d)(1)(A), on October 15, 2011. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that tolling period begins day after triggering event).

Thus, the Petition is time barred unless Petitioner can show entitlement to statutory or equitable tolling or a later trigger date. He has failed to do so.

In the Petition, Petitioner seemed to contend that he was

entitled to a later trigger date or equitable tolling because he could not have known of his claim until the U.S. Supreme Court's "watershed" ruling in Lafler v. Cooper, 566 U.S. __, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012). (Pet. Attach.) But the Ninth Circuit has already held that Lafler did not announce a new rule. See Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); Baker v. Ryan, 497 F. App'x 771, 773 (9th Cir. 2012), cert. denied, 2013 WL 2111058 (U.S. June 24, 2013); Hunt v. Gibson, No. SA CV 12-1859-RGK (VBK), 2013 WL 990761, at *3 (C.D. Cal. Feb. 5, 2013) (applying Buenrostro in § 2244(d) context and finding petition untimely), accepted by 2013 WL 990733 (C.D. Cal. Mar. 12, 2013). Indeed, had the law not already been "clearly established," the Supreme Court could not have granted relief in Lafler. See 28 U.S.C. § 2254(d)(1).

In his response to the OSC, he has modified his argument somewhat, claiming that he is entitled to a later trigger date or equitable tolling because his court-appointed counsel gave him bad advice and performed deficiently, citing Martinez v. Ryan, 566 U.S. __, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) (holding that when state bars raising claim of ineffective assistance of counsel on direct appeal, petitioner's procedural default may be excused if he had no counsel during collateral proceedings or counsel was ineffective). But the only claim Petitioner raises in the Petition relates to ineffective assistance of counsel at trial, concerning actions (or inactions) of which he was necessarily aware at the time. Although he alludes to "collateral damage" and certain "consequences" of dropping his appeal of which he was unaware at the time, he never explains

what those were or how they rendered him unable to earlier file his Petition. Martinez is thus inapplicable here, because it has nothing to say on whether the Petition was timely filed. See Ferguson v. Bacca, No. 3:12-cv-00619-HDM-WGC, 2013 WL 2285080, at *1 (D. Nev. May 22, 2013) (rejecting petitioner's reliance on Martinez because it is "inapposite" to question of timeliness, "as petitioner's claims are not defaulted in the classic sense").

And Petitioner's similar claim that appellate counsel's allegedly deficient advice constituted a State-created "impediment" under § 2244(d)(1)(B), thereby justifying a later trigger date (or equitable tolling), is contrary to law and reason. A claim under subsection (d)(1)(B) "must satisfy a far higher bar than that for equitable tolling." Ramirez v. Yates, 571 F.3d 993, 1000 (9th Cir. 2009). And yet in the context of equitable tolling, the Supreme Court has rejected the notion that an appointed counsel's actions are somehow attributable to the State simply because the State has undertaken to provide counsel. See Lawrence v. Florida, 549 U.S. 327, 337, 127 S. Ct. 1079, 1086, 166 L. Ed. 2d 924 (2007) (holding as to appointed postconviction counsel that "a State's effort to assist prisoners . . . does not make the State accountable for [Petitioner's] delay . . . . It would be perverse indeed if providing prisoners with . . . counsel deprived States of the benefit of the AEDPA statute of limitations"); see also Leyva v. Yates, CV 07-8116-PA (JEM), 2010 WL 2384933, at *2 n.2 (C.D. Cal. May 7, 2010), accepted by 2010 WL 2522705 (C.D. Cal. June 9, 2010) (finding meritless petitioner's contention that appellate counsel's decisions constituted "state action" triggering § 2244(d)(1)(B)

and citing cases in agreement). Thus, Petitioner is not entitled to a later trigger date or equitable tolling.

Finally, no basis for statutory tolling under § 2244(d)(2) exists here, because Petitioner did not file his first habeas petition until September 14, 2012, after the AEDPA limitation period had already expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that AEDPA limitation period cannot be "reinitiated" if it ended before state habeas petition filed).

Because Petitioner has offered no valid justification for the delay in filing his federal Petition, he is not entitled to any tolling or later trigger date sufficient to render the Petition timely.

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: June 27, 2013

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE